UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANIEL ISIAH JONES, <br><br> Plaintiff, <br><br> vs. <br><br> RAPID CITY POLICE DEPARTMENT, <br><br> Defendant. | 5:26-CV-05049-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Daniel Isiah Jones, an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Jones also filed a motion for leave to proceed in forma pauperis. Docket 2. In support of that motion, Jones submitted a Prisoner Trust Account Report (PTAR). Docket 3. This court previously ordered Jones to submit an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239 Application) because his in forma pauperis materials were incomplete. Docket 5. Jones has now submitted the AO 239 Application. Docket 6.

Although Jones is not able to provide his average monthly deposits and average monthly balances for the past six months, required information in the prisoner trust account report, this court previously noted that Jones's

incarceration began shortly before he commenced this action. Docket 5 at 1.[1] The court thus considers Jones's financial materials presently available, including the PTAR and AO 239 Application, in ruling on Jones's motion to proceed in forma pauperis.

## I.    Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court, may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) The average monthly deposits to the prisoner's account; or
(B) The average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

---

[1] In his motion for leave to proceed in forma pauperis, Jones states that he began his imprisonment at the Pennington County Jail on March 20, 2026. Docket 2 at 1.

28 U.S.C. § 1915(b)(1). Jones reports an average monthly balance in his prisoner trust account of $27.24, average monthly deposits of $100.00, and a current balance of $0.00. Docket 3. The AO 239 Application shows Jones has no expected future monthly income and cannot afford to pay the full civil filing fee. Docket 6. Based on this information, the court grants Jones's motion for leave to proceed in forma pauperis (Docket 2) and waives his initial partial filing fee because the PTAR (Docket 3) demonstrates that the current balance in the PTAR is zero. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Jones must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Jones's institution. Jones remains responsible for the entire

filing fee as long as he is a prisoner. *See In re Tyler,* 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background Alleged by Jones

Jones names the Rapid City Police Department as the sole defendant. Docket 1. He does not name any individual police officer as a defendant, and the complaint does not identify the date on which the alleged incident occurred. *Id.*

Jones alleges that an unidentified officer used excessive force against him. *Id.* at 3. In the supporting facts section of the complaint, Jones states that an "officer dislocated my shoulder and denied me medical care after being tased . . . by using excessive force." *Id.* Jones identifies a dislocated shoulder as his injury. *Id.*

Jones demands a jury trial. *Id.* at 1. For relief, Jones seeks compensation for his injury, pain and suffering, the filing fee, lost wages, and other funds he believes would provide compensation and justice. *Id.* at 4.

### B.    Legal Standard

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell,* 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v.*

4

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess Jones's claims under 28 U.S.C. § 1915A.

## C.    Legal Analysis

Jones asserts an excessive force claim against the Rapid City Police Department. Docket 1 at 1, 3. That claim fails as a matter of law because a police department is not a juridical entity subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). And "vicarious liability is not actionable under 42 U.S.C. § 1983." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978)). Thus, Jones's claim against the Rapid City Police Department is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Even liberally construed, Jones's complaint does not request relief that this court has authority to grant. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law[]" and this court may not act as Jones's counsel. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam).

Jones may, however, file an amended complaint asserting a claim for damages on the excessive force claim and adding a claim against the specific officer who was personally involved in the alleged use of excessive force.  If Jones chooses to file an amended complaint, he must do so within 30 days of this order, by **August 5, 2026**. Failure to file an amended complaint will result in the dismissal of Jones's case without prejudice for failure to prosecute and failure to state a claim.

Jones is cautioned that that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, any claim Jones seeks to bring against any defendant must be included in an amended complaint.

### III.   Conclusion

Thus, it is ORDERED:

1.   That Jones's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2.   That the initial partial filing fee is waived because the PTAR (Docket 3) demonstrates that the current balance in the PTAR is zero.

3.   That the Clerk of Court shall send a copy of this order to the appropriate financial official at Jones's institution.

4.   That the institution having custody of Jones is directed that whenever the amount in Jones's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Jones's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

5.   That Jones's claims for relief against the Rapid City Police Department are dismissed without prejudice for failure to state a

claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) though the court delays entering judgment of dismissal until **August 5, 2026**, to allow Jones time to amend his complaint. If Jones chooses to file an amended complaint, the court will screen his amended complaint and, if appropriate, direct service.

Dated July 6, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE