UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANIEL ISIAH JONES,<br><br>          Plaintiff,<br><br>    vs.<br><br>ETHAN BISHOP (ID 918), an officer employed by the Rapid City Police Department, in his individual capacity,<br><br>          Defendant. | 5:26-CV-05049-KES<br><br><br>ORDER SCREENING AMENDED COMPLAINT UNDER 1915A AND DIRECTING SERVICE |

Plaintiff, Daniel Isiah Jones, an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted Jones's motion for leave to proceed in forma pauperis and screened his initial complaint pursuant to 28 U.S.C. § 1915A. Docket 7. In his initial complaint, Jones sued only the Rapid City Police Department, *see generally* Docket 1, which is not a juridical entity subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Thus, the court dismissed Jones's claim against the Rapid City Police Department without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 7 at 6. But the court granted Jones leave to file an amended complaint asserting a claim for damages on the excessive force claim against the specific officer who

was personally involved in the alleged use of excessive force.[1] *Id.* Jones timely filed an amended complaint,[2] Docket 8, which the court now screens under 28 U.S.C. § 1915A.

## I.    1915A Screening

### A.    Factual Allegations

Jones, an inmate at the Pennington County Jail, alleges that Officer Ethan Bishop (ID 918), who is employed by the Rapid City Police Department, used excessive force on March 20, 2026, causing physical injury to Jones. Docket 8 at 2; Docket 1 at 1, 3. After Jones was tased, Officer Bishop dislocated Jones's shoulder or right arm and denied Jones medical care. Docket 1 at 3; Docket 8 at 2. Jones seeks compensatory damages in the amount of $250,000 for his injury, pain, and suffering. Docket 1 at 4; Docket 8 at 2. Jones provides a police report number and case file number that the court

---

[1] It appears that Jones's amended complaint may include a claim against the Rapid City Police Department. *See* Docket 8 at 2. To the extent Jones seeks to assert any claims against the Rapid City Police Department, those claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

[2] Instead of filing an amended complaint, Jones submitted a document setting out additional information to add to the existing complaint. *See generally* Docket 8. For purposes of this screening, the court will construe the allegations in Jones's initial complaint, Docket 1, along with the additional allegations in the document he has titled as an amended complaint, Docket 8. Going forward, however, Jones should be mindful that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted). Further, if Jones seeks leave of court to file a second amended complaint, he must comply with D.S.D. Civ. LR 15.1 and "attach a copy of the proposed amended pleading to [his] motion to amend with the proposed changes highlighted or underlined[.]"

assumes corresponds to the March 20, 2026 incident giving rise to Jones's excessive force claim. Docket 8 at 3.

## B.    Legal Standard

The court's previous screening order sets forth the applicable legal standard for screening complaints under § 1915A. Docket 7 at 4–5. The court will apply this same standard when screening Jones's amended complaint.

## C.    Legal Analysis

Jones does not specifically allege whether he is suing Officer Bishop in his individual capacity, official capacity, or both. *See generally* Docket 1; Docket 8. When a plaintiff does not specifically state in which capacity he sues a defendant, the court must apply the course of proceedings test. *S.A.A. v. Geisler*, 127 F.4th 1133, 1138 (8th Cir. 2025) (en banc). "The fundamental question is whether the course of proceedings has put the defendant 'on notice that [he] was being sued in [his] individual capacity' and that '[his] personal liability was at stake.'" *Id.* at 1139 (quoting *Daskalea v. D.C.*, 227 F.3d 433, 448 (D.C. Cir. 2000)). "[T]he underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.* (quoting *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

"Relevant factors include, but are not limited to, how early in the litigation the plaintiff first specified individual capacity claims, whether the plaintiff's complaint included a prayer for punitive damages, and whether the defendant declined to raise a qualified immunity defense." *Id.* (footnote omitted). Other circuits have considered factors such as the nature of the

3

plaintiff's claims and whether the complaint alleges that defendant acted in accordance with a government policy or custom. *Goodwin v. Summit Cnty.*, 703 F. App'x 379, 382 (6th Cir. 2017); *Briggs*, 66 F.3d at 61. "[N]o single factor is dispositive in an assessment of the course of proceedings." *S.A.A.*, 127 F.4th at 1140 (quoting *Powell v. Alexander*, 391 F.3d 1, 22 (1st Cir. 2004)).

Jones seeks compensatory damages for his injury, which suggests that he intends to sue Officer Bishop in only his individual capacity. Docket 8 at 2; Docket 1 at 4. But for screening purposes, the court will liberally construe Jones's amended complaint and assume that he also intended to sue Officer Bishop in his official capacity because Jones seeks damages from the Rapid City Police Department as well as Officer Bishop and alleges that the Rapid City Police Department is liable for Officer Bishop's conduct and training. Docket 8 at 2.

Jones asserts an excessive force claim against Officer Bishop. Docket 1 at 3; Docket 8 at 1, 2. The Fourth Amendment guarantees the right to be free from excessive force during an arrest.[3] *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of

---

[3] Jones does not specifically allege that Bishop injured him during an arrest. *See* Docket 1; Docket 8. But he is being held in the Pennington County Jail, his period of incarceration began on the same date as his interaction with Officer Bishop, and he references a specific police report and case file number. Docket 2 at 1; Docket 8 at 2–3. Thus, for purposes of screening this court assumes that the interaction was an arrest.

physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Franklin for Est. of Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Graham*, 490 U.S. at 397).

Here, Jones alleges that Officer Bishop used excessive force because he dislocated Jones's shoulder[4] after Jones had been tased. Docket 1 at 3; Docket 8 at 2. Liberally construing Jones's allegations, he has sufficiently alleged at this stage of the proceedings that the force used was not objectively reasonable. Thus, Jones's claim for excessive force in violation of his Fourth Amendment rights against Officer Bishop in his individual capacity survives § 1915A screening.

As previously noted, for purposes of screening, the court will assume that Jones intended to sue Officer Bishop in his official capacity as well as his individual capacity, but the official capacity claim does not survive § 1915A screening. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To the extent Jones intended to sue Officer Bishop in his official capacity, this official capacity claim is equivalent to a claim against the City of Rapid City, Officer

---

[4] In the amended complaint, Jones alleges that Officer Bishop dislocated Jones's right arm. Docket 8 at 2.

Bishop's employer. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (stating that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation[]" in order for that entity to be liable under § 1983). Here, Jones makes no allegations regarding the policies or customs of Rapid City or the Rapid City Police Department. *See generally* Docket 1; Docket 8.

In his amended complaint, Jones alleges that the Rapid City Police Department "would [b]e liable for [Officer Bishop's] conduct and training." Docket 8 at 2. But "vicarious liability is not actionable under 42 U.S.C. § 1983." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)). In some circumstances, a municipal government may be liable for failure to train, but Jones has not alleged any facts that might give rise to a failure to train claim against Rapid City. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013); *see also Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991) (recognizing that an isolated incident of police misconduct is generally insufficient to establish municipal liability under § 1983). Thus, to the extent Jones intended to assert

a claim against Officer Bishop in his official capacity, that claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

## II.  Conclusion

Thus, it is ORDERED:

1.  That Jones's claim against the Rapid City Police Department is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2.  That Jones's claim for excessive force in violation of his Fourth Amendment rights against Officer Bishop in his individual capacity survives § 1915A screening.

3.  That to the extent Jones intended to assert a claim against Officer Bishop in his official capacity, that claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

4.  That the Clerk will send a blank summons form and Marshal Service Form (Form USM-285) to Jones so that he may cause the complaint and amended complaint to be served upon Office Bishop.

5.  That Jones shall complete and send the Clerk of Court the summons and USM-285 form for Officer Bishop. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed within 30 days of the date of this order, the action may be dismissed for failure to prosecute.

6.    That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 1), the amended complaint (Docket 8), and this order, upon Officer Bishop.

7.    That the defendant will serve and file an answer or responsive pleading on or before 21 days following the date of service.

8.    That Jones will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending

Dated July 28, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE